**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  JOHN LEE CHRISTAKIS, | No.    14-60013 |
| Debtor. | BAP No. 12-1376 |
| ———————————————— | |
| JOHN LEE CHRISTAKIS, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| U.S. BANK N.A., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Pappas, and Kurtz, Bankruptcy Judges, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

John Lee Christakis appeals pro se from the Bankruptcy Appellate Panel's

("BAP") order dismissing as moot his appeal from the bankruptcy court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motion to reconsider.  We have jurisdiction under 28 U.S.C. § 158(d).

We review for clear error factual findings about mootness, and review de novo

legal conclusions.  *Rev Op Grp. v. ML Manager LLC (In re Mortgages Ltd.)*, 771

F.3d 1211, 1215 (9th Cir. 2014).  We affirm.

The BAP properly dismissed Christakis's appeal as moot, because Christakis

neither sought a stay of the bankruptcy court's objectionable order, nor offered any

reason for not doing so.  *See id.* at 1215-16 (the court must first determine if

appellant applied to the bankruptcy judge for a stay, or gave adequate reason on the

record for not doing so).  Christakis has accordingly permitted such a

comprehensive change of circumstances to occur that it is inequitable to consider

the merits of the appeal.  *Id.* at 1215-17; *Motor Vehicle Casualty Co. v. Thorpe*

*Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880-81 (9th Cir. 2012).

In light of our disposition, we do not consider Christakis's arguments

regarding the underlying merits.

Christakis's motion to take judicial notice of BAP transcripts (Docket No.

26) is denied as unnecessary.

**AFFIRMED.**